UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS Holistic, LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>Aman Sayed Delery d/b/a Tobaccoville and Aman Sayed Delery,<br><br>            Defendants. | No. 2:23-cv-00359-KJM-JDP<br><br>ORDER |

Plaintiff GS Holistic, LLC requests the court set aside the entry of default against defendant Aman Sayed Delery and seeks leave to file a second amended complaint. No opposition was filed. For the reasons set forth below, the court **grants** the motion.

I.     **BACKGROUND**

Plaintiff GS Holistic, LLC originally filed this trademark action against Tobaccoville d/b/a Tobaccoville and John Doe. *See generally* Compl., ECF No. 1. Plaintiff subsequently filed a first amended complaint after discovering the "correct" defendants were Aman Sayed Delery d/b/a Tobaccoville and Aman Sayed Delery. *See* First Am. Compl., ECF No. 7. Plaintiff then filed a request for entry of default, *see* Req., ECF No. 10, which the Clerk of Court entered against Aman Sayed Delery, *see* Default Entry, ECF No. 11. Plaintiff next filed a motion for default judgment. *See* Default J. Mot., ECF No. 12. In response, Aman Sayed Delery filed a notice stating he had received the motion for default judgment but believed he had received the

1

notice in error because he was only a Tobaccoville employee and not the store owner. *See* Notice, ECF No. 16. The assigned magistrate judge scheduled a hearing on the motion and a representative for defendants appeared at the courthouse. *See* Hr'g Mins., ECF No. 17. Plaintiff states the representative in attendance was Himayat Hotaki. Mot. ¶ 6, ECF No. 22. The hearing was continued, *see* Hr'g Mins., and plaintiff withdrew its motion for default judgment, *see* Withdrawal Notice, ECF No. 20.

Plaintiff now seeks leave to file a second amended complaint to add Hotaki as a defendant and requests the court set aside the entry of default against Delery, *see* Mot. The court submitted the motion without a hearing as provided under Local Rule 230(g). Min. Order (July 29, 2024), ECF No. 23.

## II. LEGAL STANDARD

Rule 15 permits a party to amend its complaint with the court's permission. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The Ninth Circuit has long "stressed Rule 15's policy of favoring amendments" and has "applied this policy with liberality." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Requests to amend are ordinarily denied only when they will result in undue delay or prejudice, when they are sought in bad faith, when a plaintiff has repeatedly failed to cure deficiencies or when amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. ANALYSIS

Here, plaintiff argues the Rule 15 standard is met. The court agrees. First, adding Hotaki, the alleged owner of the retail store, will not prejudice the opposing parties. Instead, it will allow the proper defendants to present their defense and allow the court to decide this action on the merits. Second, granting plaintiff's request will not cause undue delay, as this case is still in the beginning stages and the court has not yet issued a scheduling order under Federal Rule of Civil Procedure 16. Finally, there are no facts to indicate this motion was sought in bad faith, and because Hotaki previously appeared as defendants' representative, it does not seem this amendment would be futile. Accordingly, the court **grants the** motion to amend and **strikes as moot** the Clerk's entry of default as to Delery. *See, e.g.*, *GS Holistic, LLC v. Maya & Jill, Inc.*,

No. 23-00775, 2023 WL 9687510, at *2 (C.D. Cal. Oct. 20, 2023) (striking entry of default as moot, because the court granted the request to file an amended complaint); *ThermoLife Int'l, LLC v. Sechel Holdings, Inc.*, No. 14-2291, 2015 WL 1521779, at *1 (D. Ariz. Apr. 3, 2015) ("Because [p]laintiff's original complaint no longer performs any function, a default based on the original complaint must also be rendered ineffectual and non-existent" (internal marks and citations omitted)).

IV.   CONCLUSION

For the reasons set forth above, the court **grants** the motion to amend and **strikes as moot** the clerk's entry of default as to Aman Sayed Delery at ECF No. 11.  An amended complaint shall be filed within **seven days**.

This order resolves ECF No. 22.

IT IS SO ORDERED.

DATED:  August 22, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE