UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GS HOLISTIC, LLC,

Plaintiff,

v.

AMAN SAYED DELERY, et al.,

Defendants.

No. 2:23-cv-00359-DC-JDP

ORDER GRANTING MOTION TO WITHDRAW AS DEFENDANTS' COUNSEL

(Doc. No. 43)

This matter came before the court on April 17, 2026, for a hearing on the motion to withdraw as Defendants Aman Sayed Delery and Himayat Hotaki's counsel filed by Attorneys Daniel V. Weston and Henry George, Wykowski.[1] (Doc. Nos. 43.). Attorney Tomas Carlos Leon appeared on behalf of Plaintiff GS Holistic, LLC. Attorney Wykowski appeared on behalf of Defendants. Defendants did not appear for the hearing. For the reasons explained below, the court will grant the pending motion to withdraw as counsel.

/////

---

[1] On April 3, 2026, the court held a hearing on the pending motion and spoke with Attorney Wykowski in an *in camera* session. (Doc. No. 47.) In light of Attorney Wykowski's representations *in camera*, the motion hearing was continued to April 17, 2026, and Attorney Wykowski was instructed to file supplemental declarations in support of the motion to withdraw as Defendants' counsel by April 14, 2026. (*Id.*) On April 14, 2026, Attorney Weston submitted a declaration from Christopher J. Wood, a partner at his firm, in support of the motion to withdraw. (Doc. No. 48.)

1

## LEGAL STANDARD

An attorney's motion to withdrawal as counsel of record is governed by the Local Rules of this court. Specifically, Local Rule 182 provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

L.R. 182(d). In addition, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*.

Rule 1.16(a) of the California Rules of Professional Conduct provides several grounds upon which an attorney "*shall* withdraw from the representation of a client," including if:

> (1) the lawyer knows or reasonably should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person;
>
> (2) the lawyer knows or reasonably should know that the representation will result in violation of these rules or of the State Bar Act;
>
> (3) the lawyer's mental or physical condition renders it unreasonably difficult to carry out the representation effectively; or
>
> (4) the client discharges the lawyer.

Cal. R. Prof. Conduct 1.16(a) (emphasis added).

In contrast to Rule 1.16(a), a withdrawal based on the grounds listed in Rule 1.16(b) is permissive, not mandatory. Cal. R. Prof. Conduct 1.16(b). Those permissive grounds include the following:

> (1) the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;
>
> (2) the client either seeks to pursue a criminal or fraudulent course of conduct or has used the lawyer's services to advance a course of conduct that the lawyer reasonably believes was a crime or fraud;

2

(3) the client insists that the lawyer pursue a course of conduct that is criminal or fraudulent;

(4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;

(5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation;

(6) the client knowingly and freely assents to termination of the representation;

(7) the inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal;

(8) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively;

(9) a continuation of the representation is likely to result in a violation of these rules or the State Bar Act; or

(10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Cal. R. Prof. Conduct 1.16(b).

For permissive withdrawals, the decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

For both mandatory and permissive withdrawals, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

3

**ANALYSIS**

Attorneys Weston and Wykowski seek permissive withdrawal as counsel for Defendants in this action based on California Rule of Professional Conduct 1.16(b) because there is an irretrievable breakdown in the attorney-client relationship. (Doc. No. 43 at 2.) At the hearing on the pending motion, the court held an *in camera* session for Attorney Wykowski to provide additional context regarding the reasons for seeking withdrawal. Having considered those additional reasons, the court finds defense counsels' withdrawal from this case is justified.

As for the prejudice withdrawal may cause to other parties, Plaintiff GS Holistic, LLC does not oppose the motion.

As for the delay that may be caused by permitting withdrawal, the court notes that this case is still in the early stages of litigation — Defendants have filed answers and the parties are engaged in discovery. (*See* Doc. Nos. 30, 32, 36.) Thus, granting the pending motion and providing time for Defendants to obtain new counsel to represent them in this case will not cause significant delay in resolving this case.

Further, defense counsel has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of Defendants. Indeed, defense counsel gave Defendants ample notice of their intention to withdraw to permit Defendants to retain other counsel. (Doc. No. 43 at 4, 6.) Defense counsel also sent several communications to Defendants regarding the pending motion and motion hearing.

Lastly, defense counsel provided the court with Defendants' last known addresses, as required by Local Rule 182. (Doc. No. 43 at 2–3.) Accordingly, the court finds that the permissive withdrawal sought by Attorneys Weston and Wykowski is appropriate under Rule 1.16(b). Thus, the pending motion to withdraw as counsel for Defendants will be granted.

**CONCLUSION**

For the reasons set forth above:

1.      The motion to withdraw as counsel for Defendants Aman Sayed Delery and Himayat Hotaki (Doc. No. 43) is GRANTED;

2.      The Clerk of the Court is directed to terminate Attorneys Daniel V. Weston and

4

Henry George Wykowski, as counsel of record for Defendants Aman Sayed Delery and Himayat Hotaki;

3. Attorneys Daniel V. Weston and Henry George Wykowski shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of unearned fees, if any;

4. Within thirty (30) days from the date of entry of this order, Defendants Aman Sayed Delery and Himayat Hotaki shall file either: (i) a notice of appearance by new counsel obtained to represent them in this action, or (ii) a notice informing the court that they intend to proceed *pro se* in this action; and

5. The Clerk of the Court is directed to enter the following contact information as Defendants' addresses of record;

Aman Sayed Delery
5134 Plumwood Way
Antioch CA 94531
amandelerey786@yahoo.com

Himayat Hotaki
755 E Monte Vista Avenue
Vacaville CA 95688
yakoun2wholesale@gmail.com

6. The Clerk of the Court is directed to serve this order on Defendants Aman Sayed Delery and Himayat Hotaki.

IT IS SO ORDERED.

Dated:   **April 21, 2026**   _____

Dena Coggins
United States District Judge